## UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA

www.flsb.uscourts.gov

### CHAPTER 13 PLAN (Individual Adjustment of Debts)

| | |
|---|---|
| ☐ _____ | Original Plan |
| ☐ _____ | Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable) |
| ■ 5th _____ | Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable) |

DEBTOR: William Redington     JOINT DEBTOR: _____     CASE NO.: 23-16034-EPK

SS#: xxx-xx- 5832     .     SS#: xxx-xx-_____

### I.   NOTICES

**To Debtors:**   Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans must be served on all creditors as required by Local Rule 2002-1(b) and a certificate of service must be filed as required by Local Rule 9036-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:**   Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:**   The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ■ Not included |
| Nonstandard provisions, set out in Section IX | ☐ Included | ■ Not included |

### II.   PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A.   MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $377.92 _____ for months _1_ to _35_ ;

2. $1,600.00 _____ for months _36_ to _36_ ;

3. $1,108.48 _____ for months _37_ to _60_ ;

**B.   DEBTOR(S)' ATTORNEY'S FEE:**     ☐ NONE     ☐ PRO BONO

| Total Fees: $7,575.00 | Total Paid: $2,000.00 | Balance Due: $5,575.00 |
|---|---|---|

Payable _$150.29_ /month (Months _1_ to _35_ )

Allowed fees under Local Rule 2016-1 are itemized below:
$4,650 + $525 Mot Det Int Rate + $2,400 Mods

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

### III.   TREATMENT OF SECURED CLAIMS   ☐ NONE

**A.   SECURED CLAIMS:**   ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1. Creditor: Fairwinds Credit Union

| Address: 3075 N. Alafaya Trail, Orlando, FL 32826 | | | |
|---|---|---|---|
| Arrearage/ Payoff on Petition Date | $7,379.49 | | |
| Payoff (Including 6.6% monthly interest) | $153.33 | /month (Months _1_ to _35_ ) |
| Payoff (Including 6.6% monthly interest) | $1,444.55 | /month (Months _36_ to _36_ ) |

LF-31 (rev. 06/01/26)

Debtor(s): William Redington          Case number: 23-16034-EPK

| Last 4 Digits of Account No.: _____ 7556 | Payoff (Including 6.6% monthly interest) _____ $78.03 _____ /month (Months 37 to 60 ) |
| --- | --- |

Other:    interest rate determined by separate Order. Payments total $8,683.80

☐ Real Property

   ☐ Principal Residence

   ☐ Other Real Property

Address of Collateral:

Check one below for Real Property:

   ☐ Escrow is included in the regular payments

   ☐ The debtor(s) will pay   ☐ taxes   ☐ insurance directly

■ Personal Property/Vehicle

Description of Collateral: 2012 DODGE RAM 2500 VIN#3C6TD5HT7CG114954

**B. VALUATION OF COLLATERAL:** ■ NONE

**C. LIEN AVOIDANCE** ■ NONE

**D. SURRENDER OF COLLATERAL:** ☐ NONE

The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Secured claims filed by any creditor granted stay relief in this section will not receive a distribution from the chapter 13 trustee. The requirements of Fed. R. Bankr. P. 3002.1 will cease to apply to any claim listed in this section upon confirmation of this plan.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
| --- | --- | --- | --- |
| 1. | Navy FCU | 3818 | 1979 SEAMASTER KETCH 45 FT HULL ID: EYT45K030479; direct by Debtor's aunt but debtor surrenders his interest in collateral |

**E. DIRECT PAYMENTS** ■ NONE

**IV. TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)] ■ NONE

**V. TREATMENT OF UNSECURED NONPRIORITY CREDITORS** ☐ NONE

   **A.** Pay _____ $43.08 _____ /month (Months 1 to 35 )

   Pay _____ $10.00 _____ /month (Months 36 to 36 )

   Pay _____ $929.68 _____ /month (Months 37 to 60 )

   Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

   **B.** ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

   **C. SEPARATELY CLASSIFIED:** ■ NONE

**VI. STUDENT LOAN PROGRAM** ■ NONE

**VII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES** ■ NONE

**VIII. INCOME TAX RETURNS AND REFUNDS:**

   ■ Debtor(s) will provide copies of yearly income tax returns to the chapter 13 trustee (but not file with the Court) no later than May 15th during the pendency of the chapter 13 case. In the event the debtor(s)' disposable income or tax refunds increase, debtor(s) must increase payments to unsecured creditors over and above payments provided through the plan up to 100% of allowed unsecured claims. [Fort Lauderdale/West Palm Beach Division cases]

**IX. NON-STANDARD PLAN PROVISIONS** ■ NONE

Debtor(s): William Redington _____ Case number: 23-16034-EPK ___

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_____ Debtor _____       _____ Joint Debtor _____

William Redington        Date                                      Date

_____  6/15/26
Attorney with permission to sign on    Date
Debtor(s)' behalf who certifies that
the contents of the plan have been
reviewed and approved by the
Debtor(s).[1]

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.**

_____

[1] This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.